Jeremy Blackwelder, Holmstrom and Kvam, PLLP, Granite Falls, Minnesota (for appellant K.M.)
John E. Mack, Mack & Daby P.A., New London, Minnesota (for appellant T.R.)
Shane D. Baker, Kandiyohi County Attorney, Willmar, Minnesota (for respondent Kandiyohi County Health and Human Services)
Janelle Schmoll, Lake Lillian, Minnesota (guardian ad litem)
Considered and decided by Schellhas, Presiding Judge; Peterson, Judge; and Larkin, Judge.
SPECIAL TERM OPINION
SCHELLHAS, Judge
The district court terminated the parental rights of appellant-mother K.M. and appellant-father T.R. in a June 12, 2018 order (TPR order). In the TPR order, the court simultaneously discharged appellants' separate trial counsel. The district court administrator's affidavit reflects that, on June 14, 2018, via the court's e-filing system, the administrator served notice of filing of the TPR order on the county attorney, the children's guardian ad litem, and mother's and father's separate trial counsel. No party filed a posttrial motion that would extend the appeal time. The parties do not dispute that the court administrator never served mother and father directly with a notice of filing of the TPR order.
In orders filed on June 25 and July 6, 2018, the court appointed separate appellate counsel for father and mother. Father filed an appeal (A18-1098) of the TPR order on July 9, 2018, and mother filed an appeal (A18-1115) of the TPR order on July 10, 2018. This court consolidated the appeals and questioned their timeliness under Minn. R. Juv. Prot. P. 47.02, subd. 2. We also directed the district court administrator to file an affidavit explaining the *703 date and method of service of its notice of filing of the TPR order.
DECISION
In a juvenile-protection proceeding, an appeal shall be taken within 20 days of the service of notice by the court administrator of the filing of the court's order. Minn. R. Juv. Prot. P. 47.02, subd. 2. Within the time allowed for an appeal, the party appealing shall "serve a notice of appeal upon the county attorney and all parties or their counsel if represented," and shall file a notice of appeal with the clerk of the appellate courts. Id. , subd. 3.
The county argues that the appeals of father and mother, filed July 9 and 10, 2018, respectively, must be dismissed as untimely because both appellants filed their appeals after July 5, 2018, the last day of the 20-day appeal period following the district court administrator's June 14, 2018 e-filing service of the notice of filing of the TPR order.[1] We must decide whether the court administrator's June 14, 2018 service of notice of filing of the TPR order on appellants' trial counsel, via the district court's e-filing system, effectuated service on appellants. We conclude that it did not.
"Service of court orders shall be made by the court administrator upon each party, the county attorney, and such other persons as the court may direct." Minn. R. Juv. Prot. P. 10.03, subd. 1. "If a party is represented by counsel, delivery or service shall be upon counsel." Id. Procedural rules "should be construed to preserve the right to an appeal." In re Welfare of Child of R.K. , 901 N.W.2d 156, 161 (Minn. 2017). Consistent with this principle, we conclude that service upon a party's discharged counsel is not effective service on the party under Minn. R. Juv. Prot. P. 10.03.
Here, the court administrator did not serve notice of filing of the TPR order on appellants individually. Instead, on June 14, 2018, the court administrator served appellants' discharged trial counsel with notice of filing of the TPR order. At that time, neither appellant was represented by counsel because the district court simultaneously discharged appellants' trial counsel in the June 12, 2018 TPR order.[2] We conclude that the court administrator's service of notice of filing of the TPR order on appellants' discharged counsel on June 14, 2018, did not commence the running of appellants' 20-day appeal time under Minn. R. Juv. Prot. P. 47.02, subd. 2. See R.K. , 901 N.W.2d at 161 n.6 (concluding that electronic service on discharged counsel did not limit party's appeal period). The appeals of appellants therefore are timely.
Appeal to proceed.

Because the last day of the 20-day period fell on July 4, a legal holiday, the period was extended to July 5, 2018. See Minn. R. Juv. Prot. P. 4.01 ("The last day of the period shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Minnesota Rule of Juvenile Protection Procedure 25.06 governs the withdrawal or discharge of counsel in a juvenile-protection matter. The propriety of the district court's simultaneous discharge of appellants' trial counsel in the TPR order is not before us.